588 So.2d 764 (1991)
James DOBBS
v.
BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY, and Agricultural and Mechanical College and Employers National Insurance Co.
No. 91-CA-0863.
Court of Appeal of Louisiana, Fourth Circuit.
October 29, 1991.
Gainsburgh, Benjamin, Fallon, David & Ates, Madeleine M. Landrieu, Samuel C. Gainsburgh, New Orleans, for plaintiff-appellee James Dobbs.
Phelps Dunbar, G. Bruce Parkerson, Mark E. Young, New Orleans, for defendants-appellants Bd. of Sup'rs of Louisiana State University of New Orleans, and Employers Nat. Ins. Co.
*765 Before KLEES, BYRNES and PLOTKIN, JJ.
KLEES, Judge.
Defendant appeals the trial court's judgment ordering them to pay all future medical expenses associated with plaintiff's work-related physical injuries. After reviewing the record and applicable law, we reverse plaintiffs Motion to Enforce Judgment. Plaintiff, James Dobbs, sued defendants, the Board of Supervisors of Louisiana State University, the University of New Orleans, and Employers National Insurance company, for worker's compensation benefits arising out of a work-related accident. Plaintiff was employed as an operating engineer for the University of New Orleans. On January 31, 1987, plaintiff's job was to make sure that the Lakefront Arena was properly air conditioned. One unit malfunctioned and in an attempt to bring the second unit on line, plaintiff was exposed to freon. As a result, he started sneezing, became red in the face, and suffered a headache, dizziness, and a runny nose and eyes. Plaintiff was diagnosed with chemical pneumonia resulting from the freon exposure. Plaintiff also developed extreme sensitivities to his environment. Conflicting medical testimony was presented at trial. Plaintiff's doctors diagnosed his illness as Multiple Chemical Sensitivity Syndrome or Ecological Allergy Syndrome, declaring him totally disabled. One of the doctors recommended treatment in Houston for this illness. Defendants' experts testified that Multiple Chemical Sensitivity Syndrome was a controversial and unproven disease and that plaintiff's problems were psychological, stemming back to exposures to chemicals in earlier years.
The trial court entered judgment in favor of plaintiff, ordering defendants to pay "all past and future worker's compensation benefits and for all past and future medical expenses incurred by plaintiff as a result of his work related injury." Neither party filed a motion for a new trial or a timely appeal; therefore, the judgment of the trial court became final.
The defendants refused to pay post-judgment medical expenses related to the treatment of Multiple Chemical Sensitivity Syndrome, claiming that the trial court did not find that plaintiff's disabling condition was physical. Defendants argued that the trial court's judgment required them to pay only for future medical bills incurred in connection with plaintiff's psychological injuries.
Plaintiff filed a Motion to Enforce the Judgment of the trial court. The trial court entered judgment in favor of plaintiff, ordering defendants to "pay for all medical expenses incurred for the treatment of plaintiff's work-related injury of January 31, 1987, including treatment for psychological illness and for Multiple Chemical Sensitivity Syndrome, past and future."
Defendants appeal arguing that the ruling on the Motion to Enforce the Judgment amended the substance of the original judgment, thereby violating article 1951 of the Louisiana Code of Civil Procedure.
LSA-C.C.P. art. 1951 provides:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
Article 1951 does not authorize an amendment to alter the substance of the judgment. The remedy for a substantive error in a judgment is ordinarily a timely application for a new trial or a timely appeal. Therefore, the issue is whether the amended judgment altered the substance of the original judgment.
Defendants argue that the amendment to the original judgment constitutes a substantive change because it requires them to pay additional expenses. We agree. The original judgment ordered the defendants to pay all of plaintiff's past and "future medical expenses incurred as a result of his work-related injury." Nevertheless, in her reasons for judgment, the trial judge stated, "[t]he Court, rather then resolving this *766 issue based on multiple chemical sensitivity, decided to resolve the issue based on the testimony of Dr. William Bloom, a psychiatrist in this case." The amended judgment extends the judgment to include payment for "treatment for psychological illness and for Multiple Chemical Sensitivity Syndrome, past and future." Therefore, the amended judgment expands the scope of the judgment and imposes a greater obligation on the defendants in violation of Article 1951.
For the foregoing reasons, the judgment of January 9, 1991 granting plaintiffs Motion to Enforce Judgment is reversed.
REVERSED.